**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

| | | |
|---|---|---|
| **JERRY ARTRIP,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14CV00014 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **BALL CORPORATION, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Stephen Christopher Swift, Swift & Swift, Attorneys at Law, P.L.L.C., Alexandria, Virginia, for Plaintiff; John D. Luken, Jeffrey P. Hinebaugh, and Emily S. Meyer, Dinsmore & Shohl LLP, Cincinnati, Ohio, and Howard C. McElroy, McElroy, Hodges & Caldwell, Abingdon, Virginia, for Defendant Ball Corporation; Mark M. Supko and Michael H. Jacobs, Crowell & Moring LLP, Washington, D.C., for Defendant Alcoa Inc.*

In this patent infringement case, I find that it is likely that the doctrine of laches bars the plaintiff's claims. Before making that determination, however, I will allow the parties an opportunity to respond.

The plaintiff, Jerry Artrip, contends in his Amended Complaint in this case that the defendants, Ball Corporation and Alcoa, Inc. ("Alcoa"), have infringed (or, in the case of Alcoa, contributorily infringed) certain patents owned by him. He seeks an accounting and damages. In response, the defendants have filed motions

to dismiss on various grounds, including, at least as to Ball Corporation, that the plaintiff's action is barred by the doctrine of laches.[1]

In reply, the plaintiff has submitted declarations containing information outside the scope of the pleadings that challenges Ball Corporation's assertion of laches. According to one of the declarations, Artrip worked until 1996 at a Bristol, Virginia, plant that manufactures metal beverage lift-tab can ends. The plant is currently owned and operated by Ball Metal Beverage Container Corporation, a subsidiary of Ball Corporation. The plaintiff alleges that Ball Corporation infringed the asserted patents through the use of the respective inventions in making the lift-tab can ends and that Alcoa contributorily infringed the patents through the supply of "food grade coiled aluminum sheets with special coating" for use with the patented inventions. (*See, e.g.,* Am. Compl. ¶ 4, ECF No. 35.)

Artrip claims to be the assignee of various patents purporting to cover the making of lift-tab can ends. The plaintiff asserts eight patents in his Amended Complaint, including U.S. Patent Nos. 5,511,920 (the "'920 Patent"), 5,660,516 (the "'516 Patent"), 6,022,179 (the "'179 Patent"), 7,063,492 (the "'492 Patent"), 7,234,907 (the "'907 Patent"), 7,237,998 (the "'998 Patent"), 7,237,999 (the "'999 Patent"), and 7,344,347 (the "'347 Patent").

---

[1] Alcoa has not asserted laches in support of its Motion to Dismiss.

The eight asserted patents were issued by the United States Patent and Trademark Office between 1996 and 2008. According to the plaintiff, all eight patents expired on or before October 14, 2013, prior to the plaintiff's filing of this action on March 18, 2014.

Attached as the sole exhibit to the Amended Complaint is an August 17, 2007, letter written by the plaintiff that states:

> Dear Manufactures [sic] of lift-tab can ends and lift-tab can end machines and machinery.
>
> This letter is to inform you of several United States patents that I own, and or listed as the assignee.
>
> Here they are listed;
>
> 5511920 Date April 1996
> 5660516 Aug 1997
> 6022179 Feb 2000
> 6682286 Jan 2004
> 7063492 date June 20, 2006
> 7234907 June 26, 2007
> 7237998 July 03, 2007
> 7237999 July 03, 2007
>
> I suspect some maufactors [sic] are infringing on at least 7063492 and 7234907.
>
> This letter is being sent to many companies so you may not be the one I suspect.
>
> Jerry Artrip
> 164 Kaluna Ave
> Bluff City, Tn. 37618

(*Id.* Ex. A, ECF No. 35–1.) The period of time between the August 17, 2007, letter and the filing of the initial complaint in this proceeding was approximately six years and seven months.

The plaintiff states in his Amended Complaint that the August 17, 2007, letter provided the defendants with "written notice of said infringement" of seven of the eight asserted patents. (*Id.* ¶ 9, ECF No. 35.) The '347 Patent, however, was issued on March 18, 2008, approximately seven months after the August 17, 2007 letter. The plaintiff states in the Amended Complaint that he "gave the defendants written notice of said infringement [of the '347 Patent] in the original complaint filed in this lawsuit." (*Id.* ¶ 33.) Including the filing date of the plaintiff's initial Complaint, the period of time between the issuance of the '347 Patent and March 18, 2014, is six years and one day.

Regardless of whether laches applies in this case, the plaintiff's potential recovery of damages is limited to those incurred during a narrow period of time prior to filing this action. First, the plaintiff acknowledges in the Amended Complaint that damages are not available prior to six years before the filing of the initial Complaint in this action. *See* 35 U.S.C. § 286 ("Except as otherwise provided by law, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action.").

Second, the plaintiff recognizes that prospective relief is not available after the expiration of a patent. *See Kearns v. Chrysler Corp.*, 32 F.3d 1541, 1550 (Fed. Cir. 1994) ("Because the rights flowing from a patent exist only for the term of the patent, there can be no infringement once the patent expires."). In this case, all eight asserted patents expired prior to the initiation of this action.

It therefore appears that if the plaintiff is entitled to damages for the defendants' alleged patent infringement, then the only available recovery is for a period of time beginning six years prior to filing of this action and ending upon the expiration of each respective patent. The question is thus whether the doctrine of laches bars recovery of any potential damages during this period.

Applying the defense of laches is within the discretion of the court. *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1032 (Fed. Cir. 1992). If a laches defense applies, all damages incurred before the filing of the suit may be barred. *Id.* at 1028. More specifically, "[l]aches is an equitable defense, cognizable under 35 U.S.C. § 282, that prevents a patentee who unreasonably sleeps on his rights from later seeking relief for infringement." *Netscape Commc'ns Corp. v. ValueClick, Inc.*, 684 F. Supp. 2d 699, 724 (E.D. Va. 2010). Application of a laches defense requires the proof of two factors: "the plaintiff delayed filing suit for an unreasonable and inexcusable length of time from the time the plaintiff knew or reasonably should have known of its claim against the

defendant, and . . . the delay operated to the prejudice or injury of the defendant." *A.C. Aukerman*, 960 F.2d at 1032.

Regarding the second element, prejudice may be evidentiary or economic. *Netscape*, 684 F. Supp. 2d at 724. Evidentiary prejudice occurs when a defendant is unable "to present a full and fair defense on the merits due to the loss of records, the death of a witness, or the unreliability of memories of long past events, thereby undermining the court's ability to judge the facts." *A.C. Aukerman*, 960 F.2d at 1033. In contrast, economic prejudice exists "where a defendant and possibly others will suffer the loss of monetary investments or incur damages which likely would have been prevented by earlier suit. . . . Such damages or monetary losses are not merely those attributable to a finding of liability for infringement." *Id.* (internal citations omitted).

"Where the patentee's delay is greater than six years, a presumption of unreasonableness applies and shifts the burden of production to the patentee to rebut the presumption, although notably the burden of persuasion remains with the alleged infringer." *Netscape*, 684 F. Supp. 2d at 724; *see also Potter Instrument Co., Inc. v. Storage Tech. Corp.*, 641 F.2d 190, 191 (4th Cir. 1981) (recognizing the six-year laches presumption within the context of a trial court's grant of a motion to dismiss). "The six years for laches begins with a patentee's knowledge of infringement and counts forward." *A.C. Aukerman*, 960 F.2d at 1034. More

specifically, "[t]he period of delay begins at the time the patentee has actual or constructive knowledge of the defendant's potentially infringing activities." *Wanlass v. Gen. Electric Co.*, 148 F.3d 1334, 1337 (Fed. Cir. 1998); *see also A.C. Aukerman*, 960 F.2d at 1035–36. The delay period for laches cannot begin until the patent is issued. *A.C. Aukerman*, 960 F.2d at 1032.

"If the presumption of laches applies, it applies to both required elements of the doctrine — (1) that the delay was unreasonable and; (2) that the defendant must be prejudiced by the delay." *I/P Engine, Inc. v. AOL Inc.*, 915 F. Supp. 2d 736, 742 (E.D. Va. 2012). Once the presumption is triggered,

> the patentee may offer proof directed to rebutting the laches factors. Such evidence may be directed to showing either that the patentee's delay was reasonable or that the defendant suffered no prejudice or both. . . . By raising a genuine issue respecting either factual element of a laches defense, the presumption of laches is overcome.

*A.C. Aukerman*, 960 F.2d at 1038 (internal citations omitted). "[W]here the patentee fails to meet this burden of production by coming forward with *either* affirmative evidence of a lack of prejudice *or* a legally cognizable excuse for its delay in filing suit, the two facts of unreasonable delay and prejudice '*must* be inferred.'" *Hall v. Aqua Queen Mfg., Inc.*, 93 F.3d 1548, 1553–54 (Fed. Cir. 1996) (emphasis in original) (quoting *A.C. Aukerman*, 960 F.2d at 1037).

For purposes of determining whether the six-year presumption is triggered in this case, the asserted patents must be categorized into two groups. The first group

includes seven of the eight asserted patents that were referenced in the plaintiff's August 17, 2007, letter. According to the Amended Complaint, the letter provided the defendants with "notice of said infringement." (Am. Compl. ¶ 9, ECF No. 35.) This claim establishes that the plaintiff had actual knowledge of the alleged infringement of seven of the asserted patents as of August 17, 2007. The period of time from the date of the letter to the filing of this action exceeds the six-year requirement for triggering the laches presumption regarding these patents.

The second patent group includes the '347 Patent, which was issued on March 18, 2008. The period of time from issuance of the '347 Patent to the filing of this action on March 18, 2014, is six years and one day, thus satisfying the timing requirement of the laches presumption.[2] Unlike the other seven patents, the Amended Complaint does not contain a direct claim of actual knowledge of the alleged infringement similar to that associated with the August 17, 2007, letter.

Constructive knowledge of the alleged infringement, however, may be sufficient for purposes of the laches presumption. *See Wanlass*, 148 F.3d at 1337. "With respect to constructive knowledge, the Federal Circuit charges a patentee 'with making the inquiry that a diligent and reasonably prudent patentee would

[2] "The six years for laches begins with a patentee's knowledge of infringement and counts forward." *A.C. Aukerman*, 960 F.2d at 1034. When the yearly period in question begins on the day of the instigating event, the final day falls on the day before the anniversary date. *See United States v. Marcello*, 212 F.3d 1005, 1008-09 (7th Cir. 2000). In other words, the six-year period here ended on Monday, March 17, 2014, the day before this suit was filed. *See id.*

make to determine whether another device infringes his patent.'" *I/P Engine*, 915 F. Supp. 2d at 741 (quoting *Odetics, Inc. v. Storage Tech. Corp.*, 919 F. Supp. 911, 917 (E.D. Va. 1996)). According to the Amended Complaint and the patent issuing document, the '347 Patent claims priority from the '516 Patent and was a continuation-in-part of various other patents referenced in the August 17, 2007, letter and independently asserted in the amended complaint. Moreover, the plaintiff asserts that the defendants infringed the '347 Patent from the day of its issuance until its expiration. Under these circumstances, it appears that the plaintiff had constructive knowledge of the alleged infringement of the '347 Patent as of March 18, 2008, the date of its issuance.

When a case of laches is made, a plaintiff has the burden to "introduce evidence sufficient to support a finding of the nonexistence of the presumed facts." *Wanlass v. Fedders Corp.*, 145 F.3d 1461, 1464 (Fed. Cir. 1998). In the plaintiff's response to Ball Corporation's Motion to Dismiss, he asserts that the delay should be excused because he lacked the funds to initiate a lawsuit.[3] In addition, the plaintiff argues that "the delay caused no prejudice or injury to the Defendants (who may actually benefit from the delay due to the reduction in damages that it will cause)." (Pl. Jerry Artrip's Opp'n Def. Ball Corp.'s Mot. Dismiss 3, ECF No.

[3] The plaintiff's declaration also references the death of his son as a reason for his delay in filing an action against the defendants; however, this reason is not asserted in his opposition brief.

45.) The plaintiff provides no further explanation regarding his claim of poverty or the defendants' lack of prejudice.

First, the plaintiff's claim of poverty alone is not a sufficient excuse for the lengthy delay in taking action. As stated by the Federal Circuit, "[t]he Supreme Court made clear long ago that poverty, by itself, is never an excuse for laches purposes." *Hall*, 93 F.3d at 1554 (citing *Leggett v. Standard Oil Co.*, 149 U.S. 287 (1893)); *see also Collison Surgical Eng'g Co. v. Murray-Baumgartner Surgical Instrument Co.*, 230 F. Supp. 572, 580–81 (D. Md. 1964); Jean F. Rydstrom, Annotation, *Laches as Defense in Patent Infringement Suit*, 35 A.L.R. Fed. 551 (1977) ("Patentees who have asserted that their lack of funds prevented their filing an earlier suit have been similarly unsuccessful."). Stated differently, poverty is merely a factor to be considered when "some legally cognizable excuse for an unreasonable delay" has been provided. *Hall*, 93 F.3d at 1554. In this case, no other excuse has been provided, much less a legally cognizable one. Moreover, even if the court construes the plaintiff's argument as an inability to find "willing counsel," he would still fail to establish a legally cognizable excuse. *Id.*

Second, the plaintiff's generalized claim that the defendants' have not suffered prejudice or injury is also insufficient to overcome the presumption of prejudice in this case. Presumably, the plaintiff's argument that the delay will reduce defendants' potential liability for damages is based on the expiration of the

asserted patents prior to filing of this action. If so, the plaintiff is attempting to create a genuine issue of dispute regarding the existence of economic prejudice.[4] As stated by the Federal Circuit, "[s]uch damages or monetary losses are not merely those attributable to a finding of liability for infringement. . . . [because] [e]conomic prejudice would then arise in every suit." *A.C. Aukerman*, 960 F.2d at 1033 (internal citation omitted). As a result, it appears that the plaintiff cannot assert a lack of economic prejudice based merely on an alleged reduction in liability damages, because the laches presumption implicitly requires that prejudice, beyond mere liability damages, "*must* be inferred, absent rebuttal evidence." *Id.* at 1037 (emphasis in original). In other words, the plaintiff is required to present evidence that there was no "*change* in the economic position of the alleged infringer[s] during the period of delay." *Id.* at 1033 (emphasis in original).

I am aware that even though the presumption of laches may apply, its existence "does not *mandate* recognition of a laches defense in every case." *Id.* at 1036 (emphasis in original). Nonetheless, based on the record currently before this court, and in light of all the circumstances, there is a strong case to be made that it

[4] The plaintiff does not reference evidentiary prejudice in his opposition brief. Ball Corporation, however, asserts in its reply brief that the delay in this case has negatively impacted its ability to establish the invalidity of the patents based on prior art, because older equipment has been replaced and records have been lost.

is appropriate to exercise my discretion by recognizing the equitable defense of laches in this case.

Nevertheless, while laches may indeed bar this action, I do not wish to finally decide that issue without giving the parties an opportunity to submit any other relevant matters outside of the present record. The federal rules provide that

> [i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d). Upon conversion, the legal standard for summary judgment applies. Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Mere speculation by the non-moving party 'cannot create a genuine issue of material fact.'" *Tsai v. Md. Aviation*, 306 F. App'x 1, 4 (4th Cir. 2008) (unpublished) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)). "Entry of summary judgment is mandated 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Tsai*, 306 F. App'x at 4 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). In considering a motion for summary judgment, the court must view the facts and the reasonable inferences to be drawn from the facts in the light most favorable to the

party opposing the motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

Accordingly, I will treat Ball Corporation's Motion to Dismiss as a Motion for Summary Judgment as to the defense of laches and permit the parties to submit further evidence and argument as to this issue. I will permit Alcoa to file a Motion for Summary Judgment as to this issue, if it be so advised. Finally, if any party desires discovery limited to the issue of laches, I will consider an appropriate motion in that regard in accord with Federal Rule of Civil Procedure 56(d).

For the foregoing reasons, it is **ORDERED** as follows:

1. Ball Corporation's Motion to Dismiss (ECF No. 38) is treated as a Motion for Summary Judgment;

2. The plaintiff may file a further response to the converted Motion for Summary Judgment, provided it is filed within 14 days hereof;

3. Ball Corporation may file a reply within 7 days of service of any such response;

4. Alcoa is granted leave to file a Motion for Summary Judgment as to the issue of laches, provided it is filed within 14 days hereof;

5. If any such Motion for Summary Judgment is filed by Alcoa, the plaintiff may respond within 14 days of service;

6. Alcoa may file a reply within 7 days of service of any such response; and

7. If the court desires a hearing on the motions, it will advise counsel. Otherwise, the motions will be submitted for decision on the papers filed.

ENTER: December 22, 2014

/s/ James P. Jones
United States District Judge