IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **JERRY ARTRIP,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14CV00014 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **BALL CORPORATION, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

In this patent infringement case, the plaintiff, Jerry Artrip, contends that the defendants, Ball Corporation and Alcoa, Inc. ("Alcoa"), have infringed (or, in the case of Alcoa, contributorily infringed) certain patents owned by him. In response, the defendants filed motions to dismiss on various grounds, including, at least as to Ball Corporation, that the plaintiff's action is barred by the doctrine of laches. *See A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020 (Fed. Cir. 1992) (recognizing laches as an equitable defense to claim for patent infringement).

In an opinion entered on December 22, 2014, I notified the parties that it appeared that the doctrine of laches likely barred the plaintiff's claims. Accordingly, I converted Ball Corporation's Motion to Dismiss to a Motion for Summary Judgment and provided the parties with the opportunity to submit further evidence and argument as to the issue of laches. I also provided Alcoa the

opportunity to file a motion for summary judgment as to this issue, if it be so advised.

In response, Alcoa filed a Motion for Summary Judgment seeking the application of laches to the claims asserted against it by the plaintiff. The plaintiff, in turn, submitted a brief in response and Ball Corporation has sought and been provided an extension of time to respond.

In the interim, on December 30, 2014, the United States Court of Appeals for the Federal Circuit granted a petition for rehearing en bank in *SCA Hygiene Products Aktiebolag v. First Quality Baby Products, LLC*, 767 F.3d 1339 (Fed. Cir. 2014) to consider the following issues:

(a) In light of the Supreme Court's decision in *Petrella v. Metro-Goldwyn-Mayer*, 134 S. Ct. 1962 (2014) (and considering any relevant differences between copyright and patent law), should this court's en banc decision in *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020 (Fed. Cir. 1992), be overruled so that the defense of laches is not applicable to bar a claim for damages based on patent infringement occurring within the six-year damages limitations period established by 35 U.S.C. § 286? [and]

(b) In light of the fact that there is no statute of limitations for claims of patent infringement and in view of Supreme Court precedent, should the defense of laches be available under some circumstances to bar an entire infringement suit for either damages or injunctive relief? *See, e.g.*, *Lane & Bodley Co. v. Locke*, 150 U.S. 193 (1893).

*SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, No. 2013–1564, 2014 WL 7460970, at *1 (Fed. Cir. Dec. 30, 2014)

-2-

Case 1:14-cv-00014-JPJ-PMS   Document 63   Filed 01/21/15   Page 2 of 4   Pageid#: 606

Under these circumstances, the validity of laches in the patent infringement context is in question. If *Aukerman* were overruled by the Federal Circuit, then it would in all likelihood effect whether laches is applicable in this case. *See Hanamint Corp. v. Alliant Mktg. Grp., LLC*, 481 F. Supp. 2d 444, 449 (M.D.N.C. 2007) (noting that Federal Circuit precedent must be followed when resolving substantive patent law issues). As a result, it may be appropriate to stay this proceeding pending the Federal Circuit's reconsideration of the applicability of laches to patent infringement cases. However, I will give the parties an opportunity to object to any such stay.

Additionally, I will grant the plaintiff's Motion for Leave of Court to File Second Amended Complaint and the earlier Motion to Extend Time for Service on Defendant Ball Corporation. The proposed Second Amended Complaint adds a new defendant, among other things. To the extent that any extension of time is needed, I will grant the plaintiff an extension of time to properly serve a Summons and Second Amended Complaint on both Ball Corporation and Ball Metal Beverage Container Corporation and direct the Clerk to issue a new summons for each defendant. *See* Fed. R. Civ. P. 4(m). An extension is warranted because of the plaintiff's prior, but defective, service of the original complaint, and Ball Corporation's actual notice of this action and the lack of legal prejudice.

For the foregoing reasons, it is **ORDERED** as follows:

1. The plaintiff's Motion for Leave of Court to File Second Amended Complaint (ECF No. 59) is GRANTED and the Clerk shall file the Second Amended Complaint attached as Exhibit A to said motion;

2. The plaintiff's Motion to Extend Time for Service on Defendant Ball Corporation (ECF No. 46) is GRANTED and the plaintiff is granted an additional 30 days from this date to serve a Summons and the Second Amended Complaint on Ball Corporation and Ball Metal Beverage Container Corporation; and

3. If any party objects to a stay of this action pending the en banc consideration by the Federal Circuit of *SCA Hygiene Products Aktiebolag v. First Quality Baby Products, LLC*, No. 2013–1564, the party must file the grounds of such objection within 14 days of entry of this Order.

ENTER: January 21, 2015

/s/ James P. Jones
United States District Judge