UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **JERRY ARTRIP,** | |
| Plaintiff, | |
| v. | Case No. 1:14-cv-00014-JPJ-PMS |
| | District Judge James P. Jones |
| **BALL CORPORATION,** | Magistrate Judge Pamela Meade Sargent |
| **BALL METAL BEVERAGE** | |
| **CONTAINER CORP.,** | |
| **and ALCOA INC.,** | |
| Defendants. | |

### SECOND AMENDED COMPLAINT

1. This action arises under a federal statute, 35 U.S.C. § 271. 28 U.S.C. § 1338 provides that the federal courts have exclusive jurisdiction over cases arising under the patent laws.

2. Newly named defendant Ball Metal Beverage Container Corp. (a Colorado corporation with a plant in Bristol, Virginia) "is a subsidiary of a subsidiary" of defendant Ball Corporation (as stated on page 8, second line from the bottom of Document 39, of the Memorandum of Law in Support of Defendant Ball Corporation's Motion to Dismiss). (The intervening subsidiary is believed to be Ball Packaging Corp.)

3. On February 8, 2000, United States Letters Patent No. 6,022,179 were issued to Donald Artrip, the late son of the plaintiff, for an invention of a System and Method When Forming Lift-Tab Can Assemblies. The patent was assigned to the plaintiff, Jerry Artrip, on June 15, 2006, and the assignment was recorded in the U.S. Patent & Trademark Office on September 18, 2006.

4. Defendants Ball Corporation and Ball Metal Beverage Container Corp. have infringed the Letters Patent 6,022,179 by using the System and Method When Forming Lift-Tab Can Assemblies that embodies the patented invention. Plaintiff Jerry Artrip seeks damages for any said infringement that occurred from March 18, 2008 (six years before the filing of the original Complaint in the above-captioned case) to February 8, 2012 (when said patent expired for failure to pay maintenance fees).

5. Defendant Alcoa Inc. has actively induced infringement of the Letters Patent 6,022,179 by supplying material for use in practicing said System and Method for Use when Forming Lift-Tab Can End Assemblies, namely, food grade coiled aluminum sheets with special coating, that knowingly aids the direct infringement of such patent. Defendant Alcoa Inc. has contributorily infringed said patent, supplying material for use in practicing the patented invention, namely, food grade coiled aluminum sheets with special coating, that meet required specifications for said invention, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Plaintiff Jerry Artrip seeks damages for any said inducement of infringement and contributory infringement that occurred from March 18, 2008 (six years before the filing of the original Complaint in the above-captioned case) to August 26, 2009 (when said patent expired for failure to pay maintenance fees).

6. On June 20, 2006, United States Letters Patent No. 7,063,492 were issued to Donald Artrip, the late son of the plaintiff, for an invention of a System for Forming and Attaching Lift-Tabs to Can Ends. The patent was assigned to the plaintiff, Jerry Artrip, on June 15, 2006, and

the assignment was recorded in the U.S. Patent & Trademark Office on September 18, 2006.

      7. Defendants Ball Corporation and Ball Metal Beverage Container Corp. have infringed the Letters Patent 7,063,492 by using the System for Forming and Attaching Lift-Tabs to Can Ends that embodies the patented invention. Plaintiff Jerry Artrip seeks damages for any said infringement that occurred from March 18, 2008 (six years before the filing of the original Complaint in the above-captioned case) to May 12, 2013 (twenty years from the filing date of U.S. Patent No. 5,660,516, from which it claims priority).

      8. Defendant Alcoa Inc. has actively induced infringement of the Letters Patent 7,063,492 by supplying material for use in practicing said System and Method for Use when Forming Lift-Tab Can End Assemblies that embodies the patented invention, namely, food grade coiled aluminum sheets with special coating, that knowingly aids the direct infringement of such patent. Defendant Alcoa Inc. has contributorily infringed said patent by supplying material for use in practicing the patented invention, namely, food grade coiled aluminum sheets with special coating, that meet required specifications for said invention, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Plaintiff Jerry Artrip seeks damages for any said inducement of infringement and contributory infringement that occurred from March 18, 2008 (six years before the filing of the original Complaint in the above-captioned case) to May 12, 2013 (twenty years from the filing date of U.S. Patent No. 5,660,516, from which it claims priority).

      9. On June 26, 2007, United States Letters Patent No. 7,234,907 were issued to Donald Artrip, the late son of the plaintiff, for an invention of a System for Forming and Securing Lift-

Tabs to Can Ends Having a Drive Belt.  The patent was assigned to the plaintiff, Jerry Artrip, on November 27, 2006, and the assignment was recorded in the U.S. Patent & Trademark Office on September 20, 2007.

      10.  Defendants Ball Corporation and Ball Metal Beverage Container Corp. have infringed the Letters Patent No. 7,234,907 by using the System for Forming and Securing Lift-Tabs to Can Ends Having a Drive Belt that embodies the patented invention.  Plaintiff Jerry Artrip seeks damages for any said infringement that occurred from March 18, 2008 (six years before the filing of the original Complaint in the above-captioned case) to May 12, 2013 (twenty years from the filing date of U.S. Patent No. 5,660,516, from which it claims priority).

      11.  Defendant Alcoa Inc. has actively induced infringement of the Letters Patent No. 7,234,907 by supplying material for use in practicing said System for Forming and Securing Lift-Tabs to Can Ends Having a Drive Belt that embodies the patented invention, namely, food grade coiled aluminum sheets with special coating, that knowingly aids the direct infringement of such patent.  Defendant Alcoa Inc. has contributorily infringed said patent, by supplying material for use in practicing the patented invention, namely, food grade coiled aluminum sheets with special coating, that meet required specifications for said invention, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Plaintiff Jerry Artrip seeks damages for any said inducement of infringement and contributory infringement that occurred from March 18, 2008 (six years before the filing of the original Complaint in the above-captioned case) to May 12, 2013 (twenty years from the filing date of U.S. Patent No. 5,660,516, from which it claims priority).

12.  On July 3, 2007, United States Letters Patent No. 7,237, 998 were issued to Donald Artrip, the late son of the plaintiff, for an invention of a System for Forming and Securing Lift-Tabs to Can Ends Having Independent Tab Press and Conversion Press.  The patent was assigned to the plaintiff, Jerry Artrip, on November 27, 2006, and the assignment was recorded in the U.S. Patent & Trademark Office on September 20, 2007.

13.  Defendants Ball Corporation and Ball Metal Beverage Container Corp. have infringed the Letters Patent 7,237, 998 by using the System for Forming and Securing Lift-Tabs to Can Ends Having Independent Tab Press and Conversion Press that embodies the patented invention.  Plaintiff Jerry Artrip seeks damages for any said infringement that occurred from March 18, 2008 (six years before the filing of the original Complaint in the above-captioned case) to May 12, 2013 (twenty years from the filing date of U.S. Patent No. 5,660,516, from which it claims priority).

14.  Defendant Alcoa Inc. has actively induced infringement of the Letters Patent 7,237, 998 by supplying material for use in practicing said System for Forming and Securing Lift-Tabs to Can Ends Having Independent Tab Press and Conversion Press that embodies the patented invention, namely, food grade coiled aluminum sheets with special coating, that knowingly aids the direct infringement of such patent.  Defendant Alcoa Inc. has contributorily infringed said patent, by supplying material for use in practicing the patented invention, namely, food grade coiled aluminum sheets with special coating, that meet required specifications for said invention, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Plaintiff Jerry Artrip seeks

damages for any said inducement of infringement and contributory infringement that occurred from March 18, 2008 (six years before the filing of the original Complaint in the above-captioned case) to May 12, 2013 (twenty years from the filing date of U.S. Patent No. 5,660,516, from which it claims priority).

15. On July 3, 2007, United States Letters Patent No. 7,237, 999 were issued to Donald Artrip, the late son of the plaintiff, for an invention of a System for Forming and Securing Lift-Tabs to Can Ends Having Two Frames. The patent was assigned to the plaintiff, Jerry Artrip, on November 27, 2006, and the assignment was recorded in the U.S. Patent & Trademark Office on September 20, 2007.

16. Defendants Ball Corporation and Ball Metal Beverage Container Corp. have infringed the Letters Patent 7,237, 999 by using the System for Forming and Securing Lift-Tabs to Can Ends Having Two Frames that embodies the patented invention. Plaintiff Jerry Artrip seeks damages for any said infringement from March 18, 2008 (six years before the filing of the original Complaint in the above-captioned case) to May 12, 2013 (twenty years from the filing date of U.S. Patent No. 5,660,516, from which it claims priority).

17. Defendant Alcoa Inc. has actively induced infringement of the Letters Patent 7,237, 999 by supplying material for use in practicing said System for Forming and Securing Lift-Tabs to Can Ends Having Two Frames that embodies the patented invention, namely, food grade coiled aluminum sheets with special coating, that knowingly aids the direct infringement of such patent. Defendant Alcoa Inc. has contributorily infringed said patent, by supplying material for use in practicing the patented invention, namely, food grade coiled aluminum sheets with special coating, that meet required specifications for said invention, constituting a material part of the

invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Plaintiff Jerry Artrip seeks damages for any said inducement of infringement and contributory infringement that occurred from March 18, 2008 (six years before the filing of the original Complaint in the above-captioned case) to May 12, 2013 (twenty years from the filing date of U.S. Patent No. 5,660,516, from which it claims priority).

18. On March 18, 2008, United States Letters Patent No. 7,344,347 were issued to Donald Artrip, the late son of the plaintiff, for an invention of a System for Forming and Securing Lift-Tabs to Can Ends Having a Bridge. The patent application was assigned to the plaintiff, Jerry Artrip, on November 27, 2006, and the assignment was recorded in the U.S. Patent & Trademark Office on February 29, 2008.

19. Defendants Ball Corporation and Ball Metal Beverage Container Corp. have infringed the Letters Patent 7,344,347 by using the System for Forming and Securing Lift-Tabs to Can Ends Having a Bridge that embodies the patented invention. Plaintiff Jerry Artrip seeks damages for any said infringement that occurred from March 18, 2008 (six years before the filing of the original Complaint in the above-captioned case) to May 12, 2013 (twenty years from the filing date of U.S. Patent No. 5,660,516, from which it claims priority).

20. Defendant Alcoa Inc. has actively induced infringement of the Letters Patent 7,344,347 by supplying material for use in practicing said System for Forming and Securing Lift-Tabs to Can Ends Having a Bridge that embodies the patented invention, namely, food grade coiled aluminum sheets with special coating, that knowingly aids the direct infringement of such patent. Defendant Alcoa Inc. has contributorily infringed said patent, by supplying

material for use in practicing said System for Forming and Securing Lift-Tabs to Can Ends Having a Bridge that embodies the patented invention, namely, food grade coiled aluminum sheets with special coating, that meet required specifications for said invention, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Plaintiff Jerry Artrip seeks damages for any said inducement of infringement and contributory infringement that occurred from March 18, 2008 (six years before the filing of the original Complaint in the above-captioned case) to May 12, 2013 (twenty years from the filing date of U.S. Patent No. 5,660,516, from which it claims priority).

21. Neither Donald Artrip nor Jerry Artrip ever made, sold, or imported any machines or manufactured articles covered by any of the aforementioned patents, and thus they had no duty to provide notice of infringement by marking or otherwise under 35 U.S.C. 287. See *Wine Ry. Appliance Co. v. Enterprise Ry. Equipment Co.*, 297 U.S. 387, 56 S.Ct. 528, 80 L.Ed. 736 (1936). See Declaration of Jerry Artrip, attached as Exhibit A to Plaintiff Jerry Artrip's Brief on the Issue of Laches, filed herewith.

Therefore, the plaintiff Jerry Artrip demands:

(a) an accounting for damages; and

(b) interest and costs.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES TRIABLE BY A JURY.**

    Respectfully submitted,

    *s/ Stephen Christopher Swift*
    Stephen Christopher Swift
    Virginia State Bar No. 38419

    Swift & Swift, Attorneys at Law, P.L.L.C.
    2121 Eisenhower Avenue, Suite 200
    Alexandria, Virginia  22314-4688

    Telephone: (703) 418-0000
    Facsimile: (703) 535-8205
    E-Mail: steve@swift.law.pro

    *Counsel for the Plaintiff Jerry Artrip*

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2015, I electronically filed the foregoing Amended Complaint with the Clerk of the Court using the CM/ECF system, which will send information to all counsel of record.

*s/ Stephen Christopher Swift*
Stephen Christopher Swift
Virginia State Bar No. 38419

Swift & Swift, Attorneys at Law, P.L.L.C.
2121 Eisenhower Avenue, Suite 200
Alexandria, Virginia  22314-4688

Telephone: (703) 418-0000
Facsimile: (703) 535-8205
E-Mail: steve@swift.law.pro