# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **JERRY ARTRIP,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14CV00014 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **BALL CORPORATION, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Dale R. Jensen, Dale Jensen, PLC, Staunton, Virginia, and Stephen C. Swift, Swift & Swift, Attorneys at Law, P.L.L.C., Alexandria, Virginia, for Plaintiff; John D. Luken, Jeffrey P. Hinebaugh, and Nicole S. Nan, Dinsmore & Shohl LLP, Cincinnati, Ohio, and Steven R. Minor, Elliott Lawson & Minor, Bristol, Virginia, for Defendants Ball Corporation and Ball Metal Beverage Container Corp.; Mark M. Supko and Michael H. Jacobs, Crowell & Moring LLP, Washington, D.C., for Defendant Alcoa Inc.*

The plaintiff, Jerry Artrip, has asserted claims of direct patent infringement against defendants Ball Corporation and Ball Metal Beverage Container Corp. (collectively, "Ball"), as well as claims of induced infringement and contributory infringement against defendant Alcoa Inc. ("Alcoa"), all in violation of 35 U.S.C. § 271. Both Ball and Alcoa have moved to dismiss the Second Amended Complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In response, Artrip opposes the motion to dismiss and, alternatively, seeks leave to further amend his Second Amended Complaint. For

the reasons that follow, I will deny in part and grant in part the Motion to Dismiss by Ball, grant the request to amend the claims against Ball, grant the Motion to Dismiss by Alcoa, and deny Artrip's request to amend his claims against Alcoa.[1]

## I. Procedural History.

Artrip initially filed this case pro se, alleging that "The Ball Company" and "Alcoa Aluminum Company" had infringed one of his assigned patents. Some months later, Artrip obtained counsel, who subsequently filed a First Amended Complaint alleging that Ball Corporation and Alcoa had infringed eight of Artrip's assigned patents.[2] Both Ball and Alcoa filed motions to dismiss pursuant to Rule 12(b)(6) for failure to state a claim. In its motion, Ball asserted, among other things, that Artrip's suit was barred by the doctrine of laches. In accord with Rule 12(d), I converted the motions to dismiss into motions for summary judgment and permitted the parties to further respond to this issue.

Before I had ruled on summary judgment, Artrip sought leave to further amend his lawsuit, asserting that a "proposed Second Amended Complaint [would] better state his claims." Mot. to Amend 1, ECF No. 59. I granted the motion, and

---

[1] Artrip has not filed a formal motion seeking to amend, but I construe Section IV of his two memoranda in opposition to Ball's and Alcoa's motions to dismiss as such a motion. See Mem. Opp'n Ball's Mot. to Dismiss 17, ECF No. 99 (stating that "[i]f any part of the Motion [to Dismiss] is sustained, leave to amend should be granted"); Mem. Opp'n Alcoa's Mot. to Dismiss 13, ECF No. 100 (same).

[2] The defendants also assert that Artrip served, but never filed, a revised pro se complaint asserting claims of infringement of three additional patents. See Alcoa's Mot. to Dismiss 2, ECF No. 37; Ball's Mem. Supp. Mot. to Dismiss 1, ECF No. 39.

the Second Amended Complaint added Ball Metal Beverage Container Corp. as a third defendant and alleged that all three defendants — Ball Corporation, Ball Metal Beverage Container Corp., and Alcoa Inc. — had infringed six of Artrip's assigned patents.

Two days later, following appropriate notice to the parties, I stayed the case pending the Federal Circuit's en banc reconsideration of its long-standing adherence to laches as a defense in patent cases. The en banc court upheld the defense, *SCA Hygiene Products Aktiebolag v. First Quality Baby Products, LLC*, 807 F.3d 1311, 1315 (Fed. Cir. 2015), but the Supreme Court granted certiorari, eventually overruling the Federal Circuit, holding that laches is not a viable defense where the alleged infringement occurred within the Patent Act's six-year limitations period. *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 137 S. Ct. 954, 967 (2017). Based on the Supreme Court's decision, I lifted the stay and denied the defendants' motions asserting the defense of laches.

Ball and Alcoa then filed new motions to dismiss under Rule 12(b)(6) as to Artrip's Second Amended Complaint. Artrip opposes the motions and, alternatively, requests leave to further amend. The motions have been fully briefed and orally argued and are ripe for consideration.

## II. Factual Summary.

The Second Amended Complaint alleges the following facts, which I must accept as true for the purpose of deciding the present motions.

Between February 2000 and March 2008, Donald Artrip was issued six patents related to the manufacture of lift-tab can ends. "Lift-tabs" are the metal tabs used to open metal beverage cans. "Lift-tab can ends" are the ends of the cans with the lift-tabs attached. These patents were assigned to Donald Artrip's father, plaintiff Jerry Artrip, throughout 2006.[3] The six patents claimed in the Second Amended Complaint are as follows:

- A System and Method When Forming Lift-Tab Can Assemblies – No. 6,022,179 ('179);
- A System for Forming and Attaching Lift-Tabs to Can Ends – No. 7,063,492 ('492);
- A System for Forming and Securing Lift-Tabs to Can Ends Having a Drive Belt – No. 7,234,907 ('907);
- A System for Forming and Securing Lift-Tabs to Can Ends Having Independent Tab Press and Conversion Press – No. 7,237,998 ('998);
- A System for Forming and Securing Lift-Tabs to Can Ends Having Two Frames – No. 7,237,999 ('999); and
- A System for Forming and Securing Lift-Tabs to Can Ends Having a Bridge – No. 7,344,347 ('347).

Second Am. Compl. ¶¶ 3, 6, 9, 12, 15, & 18, ECF No. 64.

---

[3] Five of the patents were assigned to Jerry Artrip after they were filed but before they were issued. The Second Amended Complaint refers to Donald as plaintiff Jerry's Artrip's deceased son. It thus appears that the patents were assigned to his father after Donald's death.

Artrip alleges that Ball directly infringed each of these patents by "using" the "system" or "system and method" that "embod[y] the patented invention[s]." *Id.* at ¶¶ 4, 7, 10, 13, 16, & 19. He does not make any additional allegations as to Ball.

Artrip also alleges that Alcoa indirectly infringed each of these patents by supplying "material," or "food grade coiled aluminum sheets with special coating," for use in the manufacture of lift-tab can ends. *Id.* at ¶¶ 5, 8, 11, 14, 17, & 20. He first asserts that Alcoa actively induced infringement of the patents by "supplying material for use in practicing" the patented inventions "that knowingly aid[ed] the direct infringement of such patent[s]." *Id.* Artrip also asserts that Alcoa contributorily infringed each of the patents by "supplying material for use in practicing the patented invention[s]," that the material supplied "[met] required specification for said invention[s]," that the material supplied "constitut[ed] a material part of the invention[s]," that Alcoa knew the material was "especially made or especially adapted for use in an infringement of such patent[s]," and that the material was "not a staple article or commodity of commerce suitable for substantial noninfringing use." *Id.* Artrip does not make any additional allegations as to Alcoa. He does allege that neither he nor Donald Artrip had a duty to provide Ball or Alcoa with notice of the alleged infringement. *Id.* at ¶ 21. He seeks

damages from both Ball and Alcoa for any infringement that occurred within specified periods of time.[4]

## III. APPLICABLE LAW.

The Federal Rules of Civil Procedure require a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Generally, "[t]o survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). In ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint, *Twombly*, 550 U.S. at 572, and it must view those facts in the light most favorable to the plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406 (2002).

---

[4] Artrip seeks damages for infringement of each patent beginning on March 18, 2008, six years before he filed his original Complaint. For five of the patents, he seeks damages up to May 12, 2013, twenty years after the filing date of the original application. For Patent '179 as to Ball, he seeks damages up to February 8, 2012, when the patent expired for failure to pay maintenance fees. For Patent '179 as to Alcoa, he seeks damages up to August 26, 2009, when the patent purportedly "expired for failure to pay maintenance fees." Second Am. Compl. ¶ 5, ECF No. 64. It is unclear why Artrip provides two different dates of expiration and when the patent actually expired.

However, this "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Although legal conclusions can "provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

This standard has not always applied to cases involving patents. Prior to December 1, 2015, a plaintiff in a direct patent infringement case needed only adhere to Form 18. Form 18, part of the Federal Rules of Civil Procedure's now-abrogated Appendix of Forms, provided a sample complaint for direct patent infringement. Its pleading requirements were significantly less stringent than those imposed by *Twombly* and *Iqbal*, requiring only:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent "by making, selling, and using [the device] embodying the patent"; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*R+L Carriers, Inc. v. DriverTech LLC* (*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*), 681 F.3d 1323, 1334 (Fed. Cir. 2012) (quoting *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)). Thus, a claim for direct patent infringement was sufficiently pled where the complaint met the basic requirements of Form 18. *See id.* at 1336 (reiterating that "[a]s long as

the complaint in question contains sufficient factual allegations to meet the requirements of Form 18, the complaint has sufficiently pled direct infringement); *id.* at 1335 (reiterating "Form 18 and the Federal Rules of Civil Procedure do not require a plaintiff to plead facts establishing that each element of an asserted claim is met" (citing *McZeal*, 501 F.3d at 1357)). A Form 18 complaint must nevertheless, however, "plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357.

In April 2015, the Supreme Court abrogated by amendment Rule 84 and the Appendix of Forms, effective December 1, 2015. The Court's order stated that the amendment "shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." Order ¶ 2 (U.S. Apr. 29, 2015), *available at* https://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf (hereafter "Abrogation Order, Apr. 29, 2015"). Because Artrip filed his initial Complaint in March 2014 and his Second Amended Complaint in January 2015, both this case in general and the Second Amended Complaint in particular were pending when the new pleading standards took effect. Accordingly, one question presented in these motions is whether the sufficiency of Artrip's direct infringement claims against Ball should be evaluated under the standard of Form 18, or whether it would be "just and practical" to retroactively apply the standard articulated by *Twombly* and *Iqbal*.

Importantly, Form 18 only ever applied to claims for direct infringement. *R+L Carriers, Inc.*, 681 F.3d at 1336-37. As a result, Artrip's claims against Alcoa for induced and contributory infringement are and were always subject to the pleading standards of *Twombly* and *Iqbal*, the amendments' retroactivity notwithstanding.[5]

IV. ANALYSIS.

A. Direct Infringement Claims Against Ball.

Ball seeks dismissal of the claims against it on two grounds: first, that five of the six patents alleged to have been infringed are invalid as indefinite; and second, that the Second Amended Complaint fails to meet the applicable pleading requirements. I address the latter argument first.

1. *Applicable Pleading Standard.*

I must first determine which pleading standard governs Artrip's claims against Ball: Form 18 or *Twombly* and *Iqbal*. As I note above, in its order abrogating Rule 18, the Supreme Court stated that the new pleading standard — that is, the standard articulated in *Twombly* and *Iqbal* — "shall govern . . . insofar as just and practicable, all proceedings then pending" as of December 1, 2015.

---

[5] Artrip argues that the pleading standards of Form 18 should apply to his claims against Alcoa. Mem. Opp'n to Alcoa's Mot. to Dismiss 8, ECF No. 100. This is contrary, however, to clear Federal Circuit precedent. *See R+L Carriers, Inc.*, 681 F.3d at 1337 (stating that "because Form 18 addresses only direct infringement, we must look to Supreme Court precedent for guidance regarding the pleading requirements for claims of indirect infringement").

Abrogation Order, Apr. 29, 2015. Artrip filed his Second Amended Complaint in January 2015. Thus, the new pleading standard must apply if such application is "just and practicable."

Ball argues that it would be "just and practicable" to apply the new pleading standards to Artrip's Second Amended Complaint because the case is "in an early stage" and because the Second Amended Complaint "fails to put Ball on notice of what systems are accused of infringing which claims of the Asserted Patents or how those systems infringe." Mem. Supp. Ball's Mot. Dismiss 14, ECF No. 92. Given Artrip's delay in bringing the case, Ball argues, "it is not unreasonable to ask [Artrip] to at least identify which Ball equipment supposedly infringes which claims of which patents," particularly in light of the fact that Artrip's counsel and family member were given the opportunity to tour Ball's Bristol factory and photograph its equipment. *Id.* at 12 n.5, 14. Artrip argues in response that retroactive application of the updated pleading standards would be neither just nor practicable, given that he filed his Second Amended Complaint months before the change took effect. Mem. Opp'n Ball's Mot. Dismiss 15, ECF No. 99. He asserts that it would be "simply unjust to require [him] to have been clairvoyant in drafting . . . the [Second Amended Complaint]." *Id.*

I find that it would be both just and practicable to retroactively apply the *Twombly* and *Iqbal* pleading standard in this case. The Second Amended

Complaint is almost entirely devoid of meaningful allegations and is sparse even by Form 18 standards. A Form 18 complaint must "plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357. The Second Amended Complaint arguably fails to meet even this fundamental requirement: it asserts only that Ball has infringed the patents by "using" the patented systems. Artrip does not identify "what equipment at Ball infringes, what patent claims Ball's use of the unspecified infringement infringes, or how Ball's use of the unspecified equipment supposedly infringes the unspecified claims." Reply Mem. Supp. Ball's Mot. Dismiss 15, ECF No. 102. It would be unjust to permit Artrip to move forward with a complaint that does not alert Ball as to what it has done wrong.

Moreover, because I dismiss the claims against Ball without prejudice, *see infra* at IV.A.2, dismissal under these circumstances is not unjust. Artrip will not be precluded from continuing to pursue his action; he will simply be required to re-plead it.

Finally, requiring Artrip to comply with the updated standards is practicable under these circumstances. Despite its prolonged timeline, this case is still in a very early stage. Dismissing the Second Amended Complaint and requiring Artrip to file a Third Amended Complaint will not complicate the case, prejudice the

parties, or result in unjust delay. In fact, requiring Artrip to plead his case with greater particularity will likely expedite the dispute.

For the above reasons, I find that the updated pleading standards articulated in Rule 8(a), *Twombly*, and *Iqbal* are properly retroactively applied to Artrip's Second Amended Complaint. It is therefore by this standard that I judge its sufficiency.

## 2. *Sufficiency of the Complaint.*

Section 271(a) states that "whoever without authority . . . uses . . . any patented invention . . . during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). A plaintiff claiming direct infringement need only prove "unauthorized use of a patented invention"; the defendant's knowledge or intent is "irrelevant." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 761 n.2 (2011) (citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 484 (1964)). Thus, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff need only allege facts giving rise to a reasonable inference that the defendant used the patented invention.

As I have noted above, the Second Amended Complaint is sparse. With respect to his claims of direct infringement, Artrip alleges only that Ball has infringed the patents by "using" the patented systems. This allegation is merely conclusory and thus, by itself, insufficient under *Twombly* and *Iqbal*. Artrip must

support his legal conclusion with factual allegations, and he has not done so. *See Iqbal*, 556 U.S. at 679. Accordingly, I will grant Ball's Motion to Dismiss to the extent it argues that the Second Amended Complaint fails to state a facially-plausible claim for relief as to all six asserted patents.

Because Artrip's Second Amended Complaint was governed by Form 18 at the time it was filed, it is in the interest of justice to allow him to amend his complaint. Such dismissal is therefore without prejudice, and I will permit Artrip to file another amended complaint. Any such amended complaint must comply with the pleading requirements of Rule 8(a), *Twombly*, and *Iqbal*. In particular, it must plead specific facts supporting Artrip's claims.

### 3. Validity of the Patents.

Ball also asserts that five of the six patents at issue are "invalid as indefinite and are therefore incapable of being infringed by anyone" and that, as a result, the claims based on these five patents must fail as a matter of law. Mem. Supp. Ball's Mot. Dismiss 1, ECF No. 92. It bases this argument on its assertion that "[a]ll of the claims of these patents have means-plus-function limitations" and that "the patents' common specification fails to disclose any 'structure' for the recited 'function.'" *Id.*

A claim that employs a means-plus-function limitation is required to include, in its specification, a description of the "structure, material, or acts" that

correspond to the limitation. 35 U.S.C. § 112(f); *Atmel Corp. v. Info. Storage Devices, Inc.*, 198 F.3d 1374, 1382 (Fed. Cir. 1999). Such structure must be capable of being recognized and associated with the corresponding function by a person of ordinary skill in the art. *AllVoice Computing PLC v. Nuance Commc'ns, Inc.*, 504 F.3d 1236, 1241 (Fed. Cir. 2007) (citing *Atmel Corp.*, 198 F.3d at 1381-82). If the specification does not describe any such structure, or if the structure is not recognizable and associable by a person of ordinary skill in the art, the claim is invalid for indefiniteness. *Atmel Corp.*, 198 F.3d at 1382.

Ball asserts that because the patents have means-plus-function limitations, and because their specifications lack corresponding structures, the claims are invalid as indefinite as a matter of law. Artrip contends in response that the issue of the claims' validity is premature at the Rule 12(b)(6) stage. I agree.

Whether "a patent claim is invalid for failure to meet the definiteness requirement . . . is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims, and indefiniteness, therefore, like claim construction, is a question of law." *Biomedino, LLC v. Waters Tech. Corp.*, 490 F.3d 946, 949 (Fed. Cir. 2007) (internal quotation marks and citations omitted). Accordingly, district courts typically address this question at the claim construction stage or at the summary judgment stage following claim construction. *See, e.g.*, *Twin Peaks Software Inc. v. IBM Corp.*, No. 2016-2177, 2017 WL 2304641, at *2

(Fed. Cir. May 26, 2017) (unpublished) (district court found claims invalid following claim construction); *Cloud Farm Assocs. LP v. Volkswagen Grp. of Am., Inc.*, 674 F. App'x 1000, 1002 (Fed. Cir. Jan. 9, 2017) (unpublished) (same); *Media Rights Techs., Inc. v. Capital One Fin. Corp.*, 800 F.3d 1366, 1369 (Fed. Cir. 2015) (district court found claims invalid pursuant to motion for judgment on the pleadings, following *Markman* hearing); *Lighting Ballast Control LLC v. Philips Elecs. N. Am. Corp.*, 790 F.3d 1329, 1335 (Fed. Cir. 2015) (district court found claims invalid following claim construction); *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1345 (Fed. Cir. 2015) (same); *Biomedino, LLC*, 490 F.3d at 949 (same); *Default Proof Credit Card Sys., Inc. v. Home Depot U.S.A., Inc.*, 412 F.3d 1291, 1296 (Fed. Cir. 2005) (district court granted summary judgment based on invalidity for indefiniteness). Even in the case cited by Ball where the district court decided this question on a motion to dismiss, it did so only in conjunction with formal claim construction. *See In re TLI Commc'ns LLC Patent Litig.*, 87 F. Supp. 3d 773, 782 (E.D. Va. 2015) (district court combined briefing and arguments for motion to dismiss and claim term disputes).

Thus, while Ball has made a strong argument in favor of a finding of invalidity, I find that it would be premature to decide this question on the present record. Accordingly, I will deny Ball's Motion to Dismiss to the extent it argues that five of the asserted patents are invalid as indefinite.

B.  Indirect Infringement Claims Against Alcoa.

As I note above, see *supra* at III, claims for indirect infringement are required to meet the "facial plausibility" requirements of *Twombly* and *Iqbal*. Accordingly, I evaluate Artrip's claims against Alcoa under this standard.

### 1.  Induced Infringement.

Section 271(b) states that "[w]hoever actively induces infringement of a patent shall be liable as an infringer."  35 U.S.C. § 271(b).  A plaintiff claiming induced infringement must prove four things: (a) that the patent in question was directly infringed by another entity, *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2117 (2014) (stating that "inducement liability may arise if, but only if, there is direct infringement" (internal quotation marks, alterations, and citations omitted)); (b) that the defendant "knew of the patent"; (c) that the defendant "knowingly induced the infringing acts"; and (d) that the defendant specifically intended to "encourage another's infringement of the patent."  *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009).

To survive a Rule 12(b)(6) motion to dismiss, then, a complaint alleging induced infringement must contain a plausible allegation of direct infringement as well as "facts plausibly showing that [the defendants] specifically intended their customers to infringe the . . . patent and knew that the customer's acts constituted infringement."  *R+L Carriers, Inc.*, 681 F.3d at 1339; *see also Iqbal*, 556 U.S. at

678.  The Second Amended Complaint falls short.  With respect to his claims of induced infringement, Artrip alleges only that Alcoa provided "food grade coiled aluminum sheets with special coating," that these aluminum sheets were used in practicing the patented inventions, and that Alcoa was "knowingly aid[ing] the direct infringement of such patent[s]."  Second Am. Compl. ¶¶ 5, 8, 11, 14, 17, & 20, ECF No. 64.

Such bare-bones allegations are clearly not sufficient to sustain a claim for induced infringement under *Twombly* and *Iqbal*.  Indeed, the Second Amended Complaint is virtually devoid of factual allegations.  As I stated above, see *supra* at IV.A.2, Artrip has failed to plausibly allege that the patents were directly infringed, whether by Ball or another entity.[6]  He also fails to allege any facts supporting his conclusory allegation that Alcoa knowingly aided infringement of the patents.  There is nothing in the Second Amended Complaint supporting a reasonable inference that Alcoa even knew about the existence of the patents, let alone that it knowingly aided Ball's infringement of those patents or specifically intended to encourage that infringement by supplying Ball with aluminum sheets.  *See Iqbal*,

---

[6]  While Artrip does not specifically allege that Ball was the entity whose direct infringement Alcoa induced, the allegations taken in the context of the complaint as a whole make it clear that Artrip intends to allege that Alcoa induced Ball's patent infringement by providing Ball with the aluminum sheets necessary to make the lift-tab can ends.  I need not consider whether Artrip's failure to connect the dots between the alleged direct and indirect infringement requires dismissal because I find that dismissal is appropriate on other grounds.

556 U.S. at 679 (noting that legal conclusions "must be supported by factual allegations").

In an attempt to cure the deficiencies in his Second Amended Complaint, Artrip submitted an affidavit and declaration as exhibits to his opposition to Alcoa's Motion to Dismiss. See Artrip Aff., Ex. 1, ECF No. 100-1; Artrip Decl., Ex. 2, ECF No. 100-2. I may consider documents external to the complaint in considering a Rule 12(b)(6) motion, "so long as they are integral to the complaint." *Sec'y of State for Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). The present documents do not meet this test, but even considering them, I find that they fail to fill the gaps left by the complaint.

To start, the documents show that Artrip's allegations of infringement are based on observations he made at Ball's factory from 1976 to 1996, a period that predates the infringement Alcoa is alleged to have induced and contributed to. See Artrip Decl. ¶ 4, Ex. 2, ECF No. 100-2. In addition, and more importantly, he fails to plead facts giving rise to a reasonable inference that Alcoa knew about the patents, knowingly induced Ball's infringement of the patents, or specifically intended to encourage Ball's infringement of the patents. In his affidavit, Artrip states that Alcoa once owned Stolle, a company that supplies machinery for the production of beverage containers, and that during the time Alcoa owned Stolle, Stolle held patents of its own. Artrip Aff. ¶¶ 9-14, Ex. 1, ECF No. 100-1. The fact

that Alcoa owned a beverage container company that held its own patents, however, simply does not give rise to a reasonable inference that Alcoa had knowledge of the particular patents at issue in this case.

Artrip also asserts that the aluminum strips used by Ball in its factory were "precut by Alcoa to fit the specific kind of can tops being produced." Artrip Decl. ¶ 5, Ex. 2, ECF No. 100-2. He further alleges that, "[b]ased on [his] experience, [he] believe[s] that can tops made using [his] son's inventions . . . are likewise made from specifically designed precut coiled sheets of aluminum stock." *Id.* However, the mere fact that Alcoa supplied Ball with aluminum sheets cut to Ball's specifications does not reasonably suggest that Alcoa knew Ball was infringing *any* patent — let alone the patents at issue in this case — or that it specifically intended to encourage that infringement. A plaintiff may not use a lawsuit to "conduct a fishing expedition to determine if there is any factual basis for asserting claims against" the defendant. *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 709 (4th Cir. 2015) (quoting and affirming the district court's finding that the plaintiff's claim failed due to the "speculative nature of [the] allegations").

In short, neither Artrip's declaration and affidavit nor the Second Amended Complaint itself plead sufficient "factual content" supporting a "reasonable inference" that Alcoa is "liable for the misconduct alleged." *Iqbal*, 556 U.S. at

678.  For that reason, I will grant Alcoa's Motion to Dismiss as to Artrip's claims of induced infringement.

## 2. Contributory Infringement.

There are two types of contributory infringement under § 271(c): contributory infringement of a patented machine and contributory infringement of a patented process.  The claim has five elements:  (1) The defendant sells or offers to sell in the United States (2) either a component of a patented machine, or a material for use in practicing a patented process (3) constituting a material part of the invention, (4) knowing the component/material to be especially made or adapted for use in infringement of such patent, and (5) the component/material is not a staple article or commodity of commerce suitable for substantial noninfringing use.  35 U.S.C. § 271(c).

Artrip has not alleged sufficient facts to render his asserted inferences plausible.  With respect to his claims of contributory infringement, Artrip alleges only that Alcoa supplied "food grade coiled aluminum sheets with special coating," that these aluminum sheets were supplied "for use in practicing the patented invention[s]," that the aluminum sheets "meet required specifications for said invention," that the aluminum sheets "constitut[e] a material part of the invention," that Alcoa knew the aluminum sheets were "especially made or especially adapted for use in an infringement of such patent[s]," and that the

aluminum sheets were "not a staple article or commodity of commerce suitable for substantial noninfringing use." Second Am. Compl. ¶¶ 5, 8, 11, 14, 17, & 20, ECF No. 64.

As with the claims for induced infringement, such bare-bones allegations are insufficient to sustain a claim for contributory infringement under *Twombly* and *Iqbal*. Artrip alleges no facts supporting an inference that Alcoa's aluminum sheets constitute a material part of the patented inventions, no facts supporting an inference that Alcoa knew the aluminum sheets were made to be used in infringement of the patents, and no facts supporting an inference that the aluminum sheets were not a staple article or commodity of commerce suitable for noninfringing use. Instead, his allegations as to the elements are purely conclusory, and as such, insufficient to survive a Motion to Dismiss. *See Iqbal*, 556 U.S. at 678 (stating that "mere conclusory statements[] do not suffice"). In addition, for the reasons described above, see *supra* at IV.B.1, Artrip's supplemental affidavit and declaration fail to cure these deficiencies. Neither document contains any facts giving rise to a reasonable inference that Alcoa even knew of the patents' existence, let alone that it provided aluminum sheets "specifically designed" to infringe those patents. Artrip Decl. ¶ 5, Ex. 2, ECF No. 100-2.

Moreover, it is impossible as a matter of law for Alcoa's provision of the aluminum sheets to constitute contributory infringement for five of the six patents asserted. As I note above, there are two types of contributory infringement: infringement of patented machines and infringement of patented processes. A defendant contributorily infringes a patented machine by providing a component of that machine, whereas he contributorily infringes a patented process by providing a material for use in practicing that process. See 35 U.S.C. § 271(c).

Artrip alleges in his Second Amended Complaint that Alcoa contributorily infringed the patents at issue by "supplying material for use in practicing the patented invention[s]." Second Am. Compl. ¶¶ 5, 8, 11, 14, 17, & 20, ECF No. 64. In so alleging, Artrip clearly intends to accuse Alcoa of contributory infringement of a patented process. His language mirrors the language of the statute with respect to contributory infringement of a process, and he does not attempt to allege that the aluminum sheets constituted a component of the patented inventions.

Five of the six patents at issue are "system" patents.[7] I must therefore determine whether a patented "system" is a "machine" or "process" within the meaning of § 271(c). If a "system" is properly treated as a "machine," then Artrip's claims must fail as a matter of law. Alcoa cannot have contributorily infringed the patented systems by providing "material for use" in the systems,

_____

[7] The five "system" patents are '492, '907, '998, '999, and '347.

because a machine patent can only be contributorily infringed by providing a component of that machine — not by providing a material for use in that machine. On the other hand, if a "system" is properly treated as a "process," then Artrip's claims need not necessarily fail as a matter of law.

Artrip argues that the Federal Circuit's analysis in one case "treats system claims more like method claims than machine claims."  Mem. Opp'n Alcoa's Mot. to Dismiss 12, ECF No. 100 (citing *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l., Inc.*, 631 F.3d 1279, 1284 (Fed. Cir. 2011)).  However, the Federal Circuit has made it clear that system claims are more appropriately considered machine claims.  "Claims which recite a 'system,' 'apparatus,' 'combination,' or the like are all analytically similar in the sense that their claim limitations include elements rather than method steps.  All such claims can be contributorily infringed by a *component* supplier."  *Arris Grp., Inc. v. British Telecomms. PLC*, 639 F.3d 1368, 1376 n.8 (Fed. Cir. 2011) (emphasis added).  Accordingly, claims that recite a "system" are properly treated as machine claims.  By contrast, claims that recite a "method" are properly treated as process claims.  *Id.* at n.9 (citing contributory infringement cases in which method claims were analyzed as process claims rather than machine claims).

Because "system" claims are properly treated as "machine" claims, in order to allege contributory infringement of these "system" patents, Artrip must allege

that Alcoa provided "components" of the patented machines.  Instead, he alleges that Alcoa provided a "material" for use in the patented processes.  Because these patents are to be treated as patents for machines, rather than processes, Artrip's claims for contributory infringement of the five "system" patents must fail as a matter of law.[8]

Finally, dismissal of all claims against Alcoa will be with prejudice, and leave to amend is denied.  The Second Amended Complaint is Artrip's third complaint and the second complaint filed by counsel.  The pleading standard applicable to claims for indirect infringement has not changed since the time Artrip filed this lawsuit in 2014.  Artrip was therefore on notice of the applicable pleading standard, had multiple opportunities to meet it, and has failed to do so.  *See Allen v. FCA US LLC*, No. 6:17-CV-00007, 2017 WL 1957068, at *4 (W.D. Va. May 10, 2017) (denying leave to amend and dismissing complaint with prejudice where plaintiff had "multiple opportunities" to allege fraud with specificity and was "on clear notice that she was required to do so").  Moreover, five of Artrip's six claims of contributory infringement must necessarily fail as a matter of law.  In light of

---

[8]    The sixth patent, '179, is a patent for a "system and method."  Determining whether Artrip's claim of contributory infringement as to this patent must fail as a matter of law would require further analysis.  However, because I dismiss all six contributory infringement claims for failure to state a facially-plausible claim to relief, and because I dismiss all claims with prejudice, see *infra*, I need not determine whether this sixth claim necessarily fails as a matter of law.

the above, I will grant Alcoa's Motion to Dismiss, deny Artrip's request to amend, and dismiss Artrip's claims against Alcoa with prejudice.

V.

For the foregoing reasons, it is **ORDERED** as follows:

1. Defendants Ball Corporation and Ball Metal Beverage Container Corp.'s Motion to Dismiss (ECF No. 91) is DENIED IN PART and GRANTED IN PART, and the plaintiff's claims of direct infringement against Ball are DISMISSED WITHOUT PREJUDICE;

2. The plaintiff's construed Motion for Leave to Amend Complaint as to Ball (ECF No. 99) is GRANTED, provided that any Third Amended Complaint must be filed within 21 days of this date;

3. Defendant Alcoa Inc.'s Motion to Dismiss (ECF No. 90) is GRANTED, and the plaintiff's claims of induced infringement and contributory infringement against defendant Alcoa are DISMISSED WITH PREJUDICE;

4. The plaintiff's construed Motion for Leave to Amend Complaint as to Alcoa (ECF No. 100) is DENIED; and

5. The Clerk shall terminate Alcoa Inc. as a party to this action.

ENTER:  August 24, 2017

/s/  James P. Jones
United States District Judge