# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA ABINGDON DIVISION

| | |
|---|---|
| JERRY ARTRIP, | Case No. 1:14-cv-00014-JPJ-PMS |
| Plaintiff, | |
| vs. | THIRD AMENDED COMPLAINT |
| BALL CORPORATION, AND BALL METAL BEVERAGE CONTAINER CORP., | |
| Defendants. | |

# THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Jerry Artrip ("Artrip"), by his undersigned counsel, alleges as follows for its Complaint against defendants Ball Corporation ("Ball"), Ball Metal Beverage Container Corp. ("Ball Container") (collectively referred to hereinafter as the "Defendants"). Allegations made on belief are premised on the belief that the same are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## THE NATURE OF THIS ACTION

1.     This action against the Defendants for infringement of one or more claims of the patents-in-suit (hereinafter referred to individually and collectively as the "Patents-in-Suit"):

   a.  U.S. Patent No. 7,063,492 (the "'492 Patent"), which issued on June 20, 2006 to Donald Artrip, the late son of the plaintiff, for an invention of a System for Forming and Attaching Lift-Tabs to Can Ends. The '492 Patent was assigned to the plaintiff, Jerry Artrip, on or about June 15, 2006, and the assignment was recorded in the U.S. Patent & Trademark Office on or about September 18, 2006;

   b.  U.S. Patent No. 7,234,907 (the "'907 Patent"), which issued on June 26, 2007 to Donald Artrip, the late son of the plaintiff, for an invention of a System for Forming and Securing Lift Tabs to Can

DALE JENSEN, PLC

ATTORNEYS AT LAW

Ends Having a Drive Belt. The '907 Patent was assigned to the plaintiff, Jerry Artrip, on or about November 27, 2006, and the assignment was recorded in the U.S. Patent & Trademark Office on or about September 20, 2007;

c. U.S. Patent No. 7,237,998 (the "'998 Patent"), which issued on July 3, 2007 to Donald Artrip, the late son of the plaintiff, for an invention of a System for Forming and Securing Lift Tabs to Can Ends Having Independent Tab Press and Conversion Press. The '998 Patent was assigned to the plaintiff, Jerry Artrip, on or about November 27, 2006, and the assignment was recorded in the U.S. Patent & Trademark Office on or about September 20, 2007;

d. U.S. Patent No. 7,237,999 (the "'999 Patent"), which issued on July 3, 2007 to Donald Artrip, the late son of the plaintiff, for an invention of a System for Forming and Securing Lift Tabs to Can Ends Having Two Frames. The '999 Patent was assigned to the plaintiff, Jerry Artrip, on or about November 27, 2006, and the assignment was recorded in the U.S. Patent & Trademark Office on or about September 20, 2007;

e. U.S. Patent No. 7,344,347 (the "'347 Patent"), which issued on March 18, 2008 to Donald Artrip, the late son of the plaintiff, for an

invention of a System for Forming and Securing Lift-Tabs to Can Ends Having a Bridge. The '347 Patent was assigned to the plaintiff, Jerry Artrip, on or about November 27, 2006, and the assignment was recorded in the U.S. Patent & Trademark Office on or about February 29, 2008.

2. Upon information and belief, Defendants have infringed one or more of the claims of the '492 Patent, the '907 Patent, the '999 Patent, and/or the '347 Patent.

## THE PARTIES

3. Artrip is an individual residing in Bluff City, Tn.

4. Upon information and belief, defendant Ball Corporation is an Indiana corporation headquartered in Broomfield, Colorado.

5. Upon information and belief, defendant Ball Container is a Colorado corporation, which had a plant in Bristol, Virginia (the "Bristol Plant") at the time of filing of the original Complaint of this case, which operation continued until about May 2016. Ball Container "is a subsidiary of a subsidiary" of defendant Ball (as stated on page 8, second line from the bottom of Document 39, of the Memorandum of Law in Support of Defendant Ball Corporation's Motion to Dismiss; the intermediate subsidiary is believed to be Ball Packaging LLC).

## JURISDICTION AND VENUE

6.    This is an action for unauthorized use of patented inventions under 28

U.S.C. § 1338. This Court has jurisdiction over the subject matter of this action.

7.    Venue is proper under 28 U.S.C. § 1400.

## GENERAL ALLEGATIONS

8.    The allegations of paragraphs 1-7 above are hereby re-alleged and

incorporated herein by reference

9.    Upon information and belief, the Defendants have infringed at least claim

1 of the '492 Patent by use of one or more of the machines at least at the Bristol

Plant because one or more of the machines at the Bristol Plant are systems "for

forming and attaching lift-tabs to can ends to form easy opening lift-tab can ends,

wherein each of said can ends includes a rivet to which a lift-tab may be attached,

said system comprising:"

> a.   "a means for forming a lift-tab, said means for forming a lift-tab
>
>      including a tab press mounted on the frame, said tab press being
>
>      adapted to form at least one lane of lift-tabs in a strip of metal stock
>
>      material;"
>
> b.   "a drive roller supported on the frame and adapted to move the strip of
>
>      metal stock material through the means for forming a lift-tab;"

c.  "a means for attaching a lift-tab onto a can end, said means for attaching a lift-tab onto a can end including a conversion press mounted on the frame, said conversion press being adapted to attach a lift-tab onto a can end, and said conversion press having a locating means for placing the strip of metal stock material into the conversion press with the lift-tab being placed into working relationship with a can end so that the conversion press may detach the lift-tab from the strip and attach the lift-tab onto the can end to form an easy opening lift-tab can end;"

d.  "a conveyor means for conveying the at least one lane of formed lift-tabs from the means for forming a lift-tab to the means for attaching a lift-tab onto a can end;"

e.  "a power source for providing power to operate both of the means for forming a lift-tab and the means for attaching a lift-tab onto a can end said power source including a conversion press power source for providing power to operate the tab press and the conversion press; and"

f.  "a crank shaft system operatively connected to the power source, said crank shaft system being adapted to transmit power for operating either or both of the means for forming a lift-tab and the means for

attaching a lift-tab onto a can end and said crank shaft system including a tab press crank shaft adapted to transmit power for operating the tab press and a conversion press crank shaft that is operatively connected to the conversion press power source adapted to transmit power for operating the conversion press, said tab press crank shaft and said conversion press crank shaft being connected to each other by a drive belt."

10. Plaintiff Jerry Artrip seeks damages for any said infringement that occurred from March 18, 2008 (six years before the filing of the original Complaint in the above-captioned case) to June 20, 2014 (which is believed to be the expiration date of the '492 Patent).

11. Upon information and belief, the Defendants have infringed at least claim 1 of the '907 Patent by use of one or more of the machines at least at the Bristol Plant by use of one or more of the machines at least at the Bristol Plant because one or more of the machines at the Bristol Plant are systems "for forming and attaching lift-tabs to can ends to form easy opening lift-tab can ends, wherein each of said can ends includes a rivet to which a lift-tab may be attached, said system comprising:"

a. "a frame;"

b.  "a means for forming a lift-tab, said means for forming a lift-tab being mounted on the frame and adapted to form at least one lane of lift-tabs in a strip of metal stock material;"

c.  "a drive roller supported on the frame and adapted to move the strip of metal stock material through the means for forming a lift-tab;"

d.  "a means for attaching a lift-tab onto a can end, said means for attaching a lift-tab onto a can end being mounted on the frame and adapted to attach a lift-tab onto a can end to form an easy opening lift-tab can end, and wherein the means for attaching a lift-tab onto a can end includes a conversion press mounted on the frame, said conversion press having a locating means for placing the strip of metal stock material into the conversion press with the lift-tab being placed into working relationship with a can end so that the conversion press may detach the lift-tab from the strip and attach the lift-tab onto the can end to form an easy opening lift-tab can end;"

e.  "a conveyor means for conveying the at least one lane of formed lift-tabs from the means for forming a lift-tab to the means for attaching a lift-tab onto a can end;"

f.  "a power source for providing power to operate either or both of the means for forming a lift-tab and the means for attaching a lift-tab onto

a can end, and wherein the power source includes a means for forming a lift-tab power source for providing power to operate the means for forming a lift-tab and the conversion press; and"

g. "a crank shaft operatively connected to the power source, said crank shaft being adapted to transmit power for operating either or both of the means for forming a lift-tab and the means for attaching a lift-tab onto a can end, and wherein the crank shaft includes a means for forming a lift-tab crank shaft that is operatively connected to the means for forming a lift-tab power source and adapted to transmit power for operating the means for forming a lift-tab and a conversion press crank shaft that is adapted to transmit power for operating the conversion press; and wherein, the means for forming a lift-tab crank shaft and the conversion press crank shaft are connected to each other by a drive belt."

12.     Plaintiff Jerry Artrip seeks damages for any said infringement that occurred from March 18, 2008 (six years before the filing of the original Complaint in the above-captioned case) to June 26, 2015 (which is believed to be the expiration date of the '907 Patent).

13.     Upon information and belief, the Defendants have infringed at least claim 1 of the '998 Patent by use of one or more of the machines at least at the Bristol

Plant by use of one or more of the machines at least at the Bristol Plant because one or more of the machines at the Bristol Plant are systems "for forming and attaching lift-tabs to can ends to form easy opening lift-tab can ends, wherein each of said can ends includes a rivet to which a lift-tab may be attached, said system comprising:"

a. "a frame;"

b. "a means for forming a lift-tab, said means for forming a lift-tab being mounted on the frame and adapted to form at least one lane of lift-tabs in a strip of metal stock material;"

c. "a drive roller supported on the frame and adapted to move the strip of metal stock material through the means for forming a lift-tab;"

d. "a means for attaching a lift-tab onto a can end, said means for attaching a lift-tab onto a can end being mounted on the frame and adapted to attach a lift-tab onto a can end to form an easy opening lift-tab can end, and wherein the means for attaching a lift-tab onto a can end includes a conversion press mounted on the frame, said conversion press having a locating means for placing the strip of metal stock material into the conversion press with the lift-tab being placed into working relationship with a can end so that the conversion

press may detach the lift-tab from the strip and attach the lift-tab onto the can end to form an easy opening lift-tab can end;"

e.    "a conveyor means for conveying the at least one lane of formed lift-tabs from the means for forming a lift-tab to the means for attaching a lift-tab onto a can end;"

f.    "a power source for providing power to operate either or both of the means for forming a lift-tab and the means for attaching a lift-tab onto a can end, and wherein the power source includes a tab press power source for providing power to operate a tab press and a conversion press power source for providing power to operate the conversion press; and"

g.    "a crank shaft operatively connected to the power source, said crank shaft being adapted to transmit power for operating either or both of the means for forming a lift-tab and the means for attaching a lift-tab onto a can end, and wherein the crank shaft includes a tab press crank shaft that is operatively connected to the tab press power source and adapted to transmit power for operating the tab press and a conversion press crank shaft that is operatively connected to the conversion press power source and adapted to transmit power for operating the conversion press; and wherein,"

h. "the tab press is adapted to operate independent of the conversion press."

14.    Plaintiff Jerry Artrip seeks damages for any said infringement from March 18, 2008 (six years before the filing of the original Complaint in the above-captioned case) to July 6, 2015 (which is believed to be the expiration date of the '998 Patent).

15.    Upon information and belief, the Defendants have infringed at least claim 1 of the '999 Patent by use of one or more of the machines at least at the Bristol Plant by use of one or more of the machines at least at the Bristol Plant because one or more of the machines at the Bristol Plant are systems "for forming and attaching lift-tabs to can ends to form easy opening lift-tab can ends, wherein each of said can ends includes a rivet to which a lift-tab may be attached, said system comprising:"

a. "a first frame;"

b. "a second frame, said second frame being in close proximity to the first frame;"

c. "a means for forming a lift-tab, said means for forming a lift-tab includes a tab press being mounted on the first frame and adapted to form at least one lane of lift-tabs in a strip of metal stock material;"

d. "a drive roller supported on the first frame and adapted to move the strip of metal stock material through the means for forming a lift-tab;"

e. "a means for attaching a lift-tab onto a can end, said means for attaching a lift-tab onto a can end includes a conversion press being mounted on the second frame and adapted to attach a lift-tab onto a can end; and said conversion press having a locating means for placing the strip of metal stock material into the conversion press with the lift-tab being placed into working relationship with a can end so that the conversion press may detach the lift-tab from the strip and attach the lift-tab onto the can end to form an easy opening lift-tab can end;"

f. "a conveyor means for conveying the at least one lane of formed lift-tabs from the means for forming a lift-tab to the means for attaching a lift-tab onto a can end;"

g. "a power source; said power source includes a conversion press power source for providing power to operate the tab press and the conversion press;"

h. "a tab press crank shaft adapted to transmit power for operating the tab press;"

DALE JENSEN, PLC

ATTORNEYS AT LAW

i. "a conversion press crank shaft that is operatively connected to the conversion press power source and adapted to transmit power for operating the conversion press; and"

j. "a drive belt connecting the tab press crank shaft and the conversion press crank shaft."

16.     Plaintiff Jerry Artrip seeks damages for any said infringement from March 18, 2008 (six years before the filing of the original Complaint in the above-captioned case) to July 6, 2015 (which is believed to be the expiration date of the '999 Patent).

17.     Upon information and belief, the Defendants have infringed at least claim 1 of the '347 Patent by use of one or more of the machines at least at the Bristol Plant because one or more of the machines at the Bristol Plant are systems "for forming and attaching lift-tabs to can ends to form easy opening lift-tab can ends, wherein each of said can ends includes a rivet to which a lift-tab may be attached, said system comprising:"

a. "a first frame;"

b. "a second frame, said second frame being in close proximity to the first frame;"

c. "a means for forming a lift-tab, said means for forming a lift-tab being mounted on the first frame and adapted to form at least one lane of lift-tabs in a strip of metal stock material;"

d. "a drive roller supported on the first frame and adapted to move the strip of metal stock material through the means for forming a lift-tab;"

e. "a means for attaching a lift-tab onto a can end, said means for attaching a lift-tab onto a can end being mounted on the second frame and adapted to attach a lift-tab onto a can end, and wherein the means for attaching a lift-tab onto a can end includes a conversion press mounted on the second frame, said conversion press being adapted to attach a lift-tab onto a can end, and said conversion press having a locating means for placing the strip of metal stock material into the conversion press with the lift-tab being placed into working relationship with a can end so that the conversion press may detach the lift-tab from the strip and attach the lift-tab onto the can end to form an easy opening lift-tab can end; and"

f. "a conveyor means for conveying the at least one lane of formed lift-tabs from the means for forming a lift-tab to the means for attaching a lift-tab onto a can end;"

g. "a power source for providing power to operate either or both of the means for forming a lift-tab and the means for attaching a lift-tab onto a can end, and wherein the power source includes a tab press power source for providing power to operate the tab press and a conversion press power source for providing power to operate the conversion press, the tab press power source and the conversion press power source being adapted to operate independently of each other; and"

h. "a tab press crank shaft that is operatively connected to the tab press power source and adapted to transmit power for operating the tab press and a conversion press crank shaft that is operatively connected to the conversion press power source and adapted to transmit power for operating the conversion press; and wherein:"

i. "the first frame and the second frame are connected by a bridge."

18.     Plaintiff Jerry Artrip seeks damages for any said infringement that occurred from March 18, 2008 (six years before the filing of the original Complaint in the above-captioned case) to the present date.

19.     Upon information and belief, the Defendants own and/or control production facilities involved in beverage packaging in Kent, WA; Fairfield, CA; Chatsworth CA; Phoenix, Az; Golden, CO; Ft. Worth, TX; Longview, TX; Conroe, TX; St. Paul, MN; Fort Atkinson, WI; Monticello, IN; Findlay, OH;

Birmingham, AL; Rome, GA; Tampa, FL; Williamsburg, VA; Wallkill, NY; and Sarasota Springs, NY (individually and collectively "Ball's Operating Plants").

20.     Upon information and belief, the equipment believed to infringe in the Bristol Plant form a basis for Plaintiff Jerry Artrip to believe that one or more machines in each of Ball's Operating Plants infringe one or more of the Patents-in-Suit.

## CLAIM FOR RELIEF

### Infringement of the Patents-in-Suit

21.     The allegations of paragraphs 1-20 above are hereby re-alleged and incorporated herein by reference.

22.     Defendants' infringements have caused Artrip damages in an amount yet to be determined.

23.     Neither Donald Artrip nor Jerry Artrip ever made, sold, or imported any machines or manufactured articles covered by any of the aforementioned patents, and thus they had no duty to provide notice of infringement by marking or otherwise under 35 U.S.C. 287. See *Wine Ry. Appliance Co. v. Enterprise Ry. Equipment Co.,* 297 U.S. 387, 56 S.Ct. 528, 80 L.Ed. 736 (1936).

# REQUEST FOR RELIEF

A.      Judgment that Defendant has infringed one or more of the patents-in-suit in that the inventions described in and covered by the patent-in-suit have been used by or for Defendants without license or lawful right.

B.      An accounting for damages.

C.      An award of damages sufficient to reasonably and entirely compensate Artrip for said infringement of the patent-in-suit in an amount to be determined at trial.

D.      An award of reasonable attorneys' fees, expert fees and other costs that GTA incurred in connection with its pursuit of this action, pursuant to 35 U.S.C. § 285.

E.      An award of prejudgment interest and post judgment interest pursuant to 35 U.S.C. § 284 continuing until such judgment is paid.

F.      Such other relief to which Artrip is entitled under the applicable United States statute or as this Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES TRIABLE BY A JURY.**

Respectfully submitted,

Dated:  September 14, 2017

By:/s/Dale R. Jensen
Counsel

Dale R. Jensen (VSB 71109)
Dale Jensen, PLC
606 Bull Run
Staunton, VA  24401
(434) 249-3874
(866) 372-0348 facsimile
djensen@dalejensenlaw.com
Counsel for Plaintiff Jerry Artrip

## CERTIFICATE OF SERVICE

I hereby certify that the original of the foregoing was, on this 14th day of September, 2017, served electronically to the following:

Steven R. Minor
ELLIOTT LAWSON & MINOR
The Piedmont Building
110 Piedmont Avenue, Suite 300
Bristol, Virginia 24201
Counsel for the Defendants Ball Corporation
and Ball Metal Beverage Container Corp.

Respectfully Submitted,
/s/ Dale R. Jensen
Dale R. Jensen
Counsel for Jerry Artrip