IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **JERRY ARTRIP,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14CV00014 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **BALL CORPORATION, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Dale R. Jensen, Dale Jensen, PLC, Staunton, Virginia, and Stephen C. Swift, Swift & Swift, Attorneys at Law, P.L.L.C., Alexandria, Virginia, for Plaintiff; John D. Luken, Jeffrey P. Hinebaugh, and Nicole S. Nan, Dinsmore & Shohl LLP, Cincinnati, Ohio, and Steven R. Minor, Elliott Lawson & Minor, Bristol, Virginia, for Defendants Ball Corporation and Ball Metal Beverage Container Corp.*

The plaintiff, Jerry Artrip, has asserted claims of direct patent infringement against defendants Ball Corporation and Ball Metal Beverage Container Corp. in violation of 35 U.S.C. § 271. The defendants have moved to dismiss the Third Amended Complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). For the reasons that follow, I will grant the Motion to Dismiss.

I. PROCEDURAL HISTORY.

Artrip initially filed this case pro se, alleging that "The Ball Company" and and "Alcoa Aluminum Company" had infringed one of his assigned patents. Some months later, Artrip obtained counsel, who subsequently filed a First Amended

Complaint alleging that the defendants had infringed eight of Artrip's assigned patents.[1] Both defendants filed motions to dismiss pursuant to Rule 12(b)(6) for failure to state a claim. It was asserted, among other things, that Artrip's suit was barred by the doctrine of laches. In accord with Rule 12(d), I converted the motions to dismiss into motions for summary judgment and permitted the parties to further respond to the laches.

Before I had ruled on summary judgment, Artrip sought leave to further amend his lawsuit, asserting that a "proposed Second Amended Complaint [would] better state his claims." Mot. Amend 1, ECF No. 59. I granted the motion, and the Second Amended Complaint added Ball Metal Beverage Container Corp. as a third defendant and alleged that all three defendants — Ball Corporation, Ball Metal Beverage Container Corp., and Alcoa Inc. — had infringed six of Artrip's assigned patents.[2]

Two days later, following appropriate notice to the parties, I stayed the case pending the Federal Circuit's en banc reconsideration of its long-standing adherence to laches as a defense in patent cases. The en banc court upheld the defense, *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 807

---

[1] The defendants also assert that Artrip served, but never filed, a revised pro se complaint asserting claims of infringement of three additional patents. See Alcoa's Mot. Dismiss 2, ECF No. 37; Ball's Mem. Supp. Mot. Dismiss 1, ECF No. 39.

[2] Hereafter, Ball Corporation and Ball Metal Beverage Container Corp. will be collectively referred to as "Ball."

F.3d 1311, 1315 (Fed. Cir. 2015), but the Supreme Court granted certiorari, eventually overruling the Federal Circuit, holding that laches is not a viable defense where the alleged infringement occurred within the Patent Act's six-year limitations period. *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 137 S. Ct. 954, 967 (2017). Based on the Supreme Court's decision, I lifted the stay and overruled the defense of laches.

Ball and Alcoa then filed new motions to dismiss under Rule 12(b)(6) as to Artrip's Second Amended Complaint.[3] I granted Alcoa's Motion to Dismiss, dismissing Artrip's claims of induced infringement and contributory infringement against Alcoa with prejudice and terminated Alcoa as a party to the action. *Artrip v. Ball Corp.*, No. 1:14CV00014, 2017 WL 3669518 (W.D. Va. Aug. 24, 2017). I granted Ball's Motion to Dismiss to the extent the Second Amended Complaint failed to state a facially-plausible claim for relief, finding that Artrip's allegations were merely conclusory and insufficient under *Twombly* and *Iqbal*.[4] However, because Artrip's Second Amended Complaint was governed by Form 18 at the

---

[3] Ball also included in the Motion to Dismiss arguments that five of the asserted patents were invalid as indefinite. I denied Ball's Motion to Dismiss on this basis, finding that it would be premature to decide the question. *Artrip v. Ball Corp.*, No. 1:14CV00014, 2017 WL 3669518 at *6 (W.D. Va. Aug. 24, 2017).

[4] In determining the correct pleading standard to apply, I found that "it would be both just and practicable to retroactively apply the *Twombly* and *Iqbal* pleading standard" to Artrip's claims. *Id.* at *4; *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

time it was filed, I allowed him to file an amended complaint. *Id.* at *5. I directed that "[a]ny such amended complaint must comply with the pleading requirements of Rule 8(a), *Twombly* and *Iqbal*," and "must plead specific facts supporting Artrip's claims." *Id.* Artrip has now filed a Third Amended Complaint, and Ball has filed a new Motion to Dismiss under Rule 12(b)(6). Artrip opposes the motion. The motion has been fully briefed and is ripe for consideration.[5]

## II. FACTUAL SUMMARY.

The Third Amended Complaint alleges the following facts, which I must accept as true for the purpose of deciding the present motion.

Between June 2006 and March 2008, Donald Artrip was issued five patents related to the manufacture of lift-tab can ends. "Lift-tabs" are the metal tabs used to open metal beverage cans. "Lift-tab can ends" are the ends of the cans with the lift-tabs attached. These patents were assigned to Donald Artrip's father, plaintiff Jerry Artrip, throughout 2006. The five patents claimed in the Third Amended Complaint are as follows:[6]

- U.S. Patent No. 7,063,492 (the "'492 Patent"), for an invention of a System for Forming and Attaching Lift-Tabs to Can Ends;

---

[5] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

[6] In his Second Amended Complaint, Artrip included a sixth patent, which was "a System and Method When Forming Lift-Tab Can Assemblies – No. 6,022,179 ('179)." Second Am. Compl. ¶ 3, ECF No. 64.
-4-

- U.S. Patent No. 7,234,907 (the "'907 Patent"), for an invention of a System for Forming and Securing Lift-Tabs to Can Ends Having a Drive Belt;

- U.S. Patent No. 7,237,998 (the "'998 Patent"), for an invention of a System for Forming and Securing Lift-Tabs to Can Ends Having Independent Tab Press and Conversion Press;

- U.S. Patent No. 7,237,999 (the "'999 Patent"), for an invention of a System for Forming and Securing Lift-Tabs to Can Ends Having Two Frames; and

- U.S. Patent No. 7,344,347 (the "'347 Patent"), for an invention of a System for Forming and Securing Lift-Tabs to Can Ends Having a Bridge.

Third Am. Compl. ¶ 1, ECF No. 111.

Artrip alleges that Ball directly infringed each of these patents by use of "one or more of the machines at least at the Bristol Plant" because such machines are systems "for forming and attaching lift-tabs to can ends to form easy opening lift-tab can ends, wherein each of said can ends includes a rivet to which a lift-tab may be attached." *Id.* at ¶¶ 9, 11, 13, 15, and 17. For each claim, Artrip then includes a verbatim description of every claim limitation for the applicable patent. He does not make any additional allegations. Importantly, he does not state which specific machine or machines at the Bristol Plant allegedly infringe each patent claim. He also does not allege how Ball's use of the unspecified equipment infringes each claim.

III. APPLICABLE LAW.

The Federal Rules of Civil Procedure require a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Generally, "[t]o survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). In ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint, *Twombly*, 550 U.S. at 572, and it must view those facts in the light most favorable to the plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406 (2002).

However, this "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Although legal conclusions can "provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

IV. ANALYSIS.

Ball seeks dismissal of the direct infringement claims against it on the ground that the Third Amended Complaint fails to meet the *Twombly* and *Iqbal* pleading requirements.

Section 271(a) states that "whoever without authority . . . uses . . . any patented invention . . . during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). A plaintiff claiming direct infringement need only prove "unauthorized use of a patented invention"; the defendant's knowledge or intent is "irrelevant." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 761 n.2 (2011) (citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 484 (1964)). Thus, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff need only allege facts giving rise to a reasonable inference that the defendant used the patented invention.

As was the case for Artrip's prior complaints, the Third Amended Complaint contains minimal facts and falls short of the pleading standard. With respect to his claims of direct infringement, Artrip alleges only that Ball has infringed the patents by "using" the patented systems and quotes verbatim the claim limitations for each applicable patent. This allegation is merely conclusory and thus, by itself, insufficient under *Twombly* and *Iqbal*.

I previously directed that Artrip's Third Amended Complaint must plead specific facts supporting his claims, and in particular, should identify, "what equipment at Ball infringes" and "how Ball's use of the unspecified equipment supposedly infringes". *Artrip*, 2017 WL 3669518, at *5; *see Iqbal*, 556 U.S. at 679. Artrip has failed to do so.[7] Alleging how the offending machines infringe is "required to put [Ball] on notice of what it has to defend and to make a plausible showing of infringement." *Macronix Int'l Co., Ltd. v. Spansion Inc.*, 4 F. Supp. 3d 797, 804 (E.D. Va. 2014). Artrip simply alleges that each element of a cited claim is infringed "by use of one or more machines" and quotes the claim language. Third Am. Compl. ¶¶ 9, 11, 13, 15, 17, ECF No. 111. That does not satisfy the pleading standard. "Without some factual allegation in the complaint, it is hard to see how a complainant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds upon which the claim rests." *Macronix*, 4 F. Supp. 3d at 800 (citing *Twombly*, 550 U.S. at 555 n. 3) (internal quotations omitted).

Artrip argues that a complaint that tracks the language of the patent claims is not insufficient per se. He attaches two complaints as exhibits in support of this argument and contends that the Third Amended Complaint is "substantially

---

[7] It is particularly difficult to understand why Artrip failed to include specific facts as to what equipment at the Bristol Plant allegedly infringes his patents. Artrip's attorney was given access to the plant and he observed and photographed a variety of equipment at the plant.

similar" to these complaints. Brief Opp'n Mot. Dismiss 9, ECF No. 117. Artrip's first exhibit is the complaint filed in *Jenkins v. LogicMark, LLC*, No. 3:16-CV-751-HEH, 2017 WL 376154 (E.D. Va. Jan. 25, 2017). Unlike the Third Amended Complaint, that complaint included a section entitled "The Accused Products", which specifically identified the "Guardian Alert", "Life Sentry", and "Freedom Alert" systems as the potentially infringing products.[8] Brief Opp'n Mot. Dismiss, Ex. 1, 14-15, ECF No. 117. Similarly, the second attached complaint filed in *Avago Techs Gen. IP (Singapore) PTE Ltd. v. Asustek Comput., Inc.*, Nos. 15-cv-04525-EMC, 16-cv-00451-EMC, 2016 WL 1623920 (N.D. Cal. Apr. 25, 2016), included a lengthy list of potentially infringing products.[9] *Id.*, Ex. 2, ¶ 21, ECF No. 117-2. Therefore, although it is true that the attached complaints are similar to Artrip's Third Amended Complaint in that they all track the language of the patent claims, the attached complaints both identify the specific, infringing products. Artrip fails to do this. He also fails to allege how each allegedly infringing machine infringes any of the patents. Accordingly, his Third Amended Complaint

---

[8] Notably, the court in *Jenkins* found the claims in the complaint to be insufficient because the plaintiff "failed to identify which specific patent claims [were] alleged to be infringed" and "[did] not identify with any particularity *how* each allegedly infringing feature…infringes any of the named patents." 2017 WL 376154, at *3. Therefore, Artrip's reliance on this complaint is misplaced.

[9] *Avago* does suggest that a patent infringement complaint is not "insufficient per se" simply because it repeats the language of the claims. 2016 WL 1623920 at *4. However, *Avago* does not hold that a patent infringement complaint that "*only* tracks the language of the asserted claims is *sufficient per se*." *Comcast Cable Commc'ns, LLC v. OpenTV, Inc.*, 319 F.R.D. 269, 275 (N.D. Cal. 2017).

is insufficient because it fails to allege specific facts supporting Artrip's claims. Any argument regarding the language of the patent claims does nothing to remedy this deficiency.

Dismissal of all claims against Ball will be with prejudice, and further leave to amend is denied. The Third Amended Complaint is Artrip's fourth complaint and the third complaint filed by counsel. I directed Artrip as to the factual allegations that must be included when I granted him leave to amend his Second Amended Complaint. Artrip was therefore on notice of the applicable pleading standard, had multiple opportunities to meet it, and has failed to do so. *See Allen v. FCA US LLC*, No. 6:17-CV-00007, 2017 WL 1957068, at *4 (W.D. Va. May 10, 2017) (denying leave to amend and dismissing complaint with prejudice where plaintiff had "multiple opportunities" to allege fraud with specificity and was "on clear notice that she was required to do so"). In light of the above, I will grant Ball's Motion to Dismiss and dismiss Artrip's claims against Ball with prejudice.

A separate order will be entered forthwith.

DATED: November 3, 2017

/s/ James P. Jones
United States District Judge